IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-13-0346 |
| THOMAS SCOTT, | * | |
| DEFENDANT. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Defendant Thomas Scott ("Defendant" or "Scott"), proceeding *pro se*, is currently serving a 120-month term of imprisonment for one count of unlawful possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). (Judgment & Commitment Order ("J&C"), ECF No. 36.) Scott was sentenced on January 10, 2014 and is currently incarcerated at Federal Correctional Institution ("FCI") Schuylkill. (*Id.*; ECF No. 44.)

Now pending is Scott's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 44). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Scott's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 44), is DENIED.

A prisoner may request a reduction in sentence to time served—sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP")

with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.

The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Scott has failed to demonstrate that he exhausted his administrative remedies. On May 13, 2020, Scott filed the presently pending Motion for Compassionate Release, stating that he had requested and had been denied compassionate release by the Warden at FCI Schuylkill. (ECF No. 44.) On May 13, 2020, the Clerk of this Court mailed Scott a letter informing him of the required procedures to pursue his Motion for Compassionate Release, including providing a copy of his request to the Warden and any relevant medical records if his release is sought based on a health condition. (ECF No. 45.) Scott did not file any response. Beyond

2

stating that he filed a request with the Warden at FCI Schuylkill, Scott has failed to provide any documentation that he petitioned the Bureau of Prisons for release. Accordingly, he has not exhausted his administrative remedies.

Even if Scott had exhausted his administrative remedies, he does not identify any extraordinary and compelling reason to justify his release. Scott's one-page Motion generally cites the COVID-19 Pandemic, but does not make any complaint about his own medical conditions or why he may be entitled to relief. While the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities, "[f]ear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release." *See United States v. Taylor*, No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) (denying without prejudice compassionate release for failure to exhaust administrative remedies and also noting that defendant failed to identify any extraordinary and compelling reason to justify release).

Accordingly, it is HEREBY ORDERED this 13th day of August, 2020 that Scott's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 44), is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge